**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **LISA BROOKS,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CAUSE NO. 7:24-cv-116** |
| | § | |
| **WEST TEXAS CREDIT UNION,** | § | |
| | § | |
| **DEFENDANT.** | § | **JURY DEMANDED** |

# PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

**Plaintiff Lisa Brooks ("Plaintiff" or "Mrs. Brooks")** files this Complaint and would respectfully show the Court as follows:

## NATURE OF THE CASE

1. This is a discrimination, and retaliation case. **Defendant West Texas Credit Union ("Defendant")** employs a President/CEO Adrian Rubio who treats younger Hispanic women more favorably because he is attracted to them and terminated an older Anglo woman because of her age and/or national origin. Prior to her termination, Defendant paid Plaintiff half as much as Mr. Rubio while she served as Interim CEO, a violation of the Equal Pay Act.

## PARTIES

2. Plaintiff is an individual who currently resides in Ector County, Texas.

3. Defendant is a state-chartered, federally-insured credit union located in Ector County, Texas, and may be served through its Chairman, Dr. Steve Brown, 4301 Mission Blvd., Odessa, TX 79764, or wherever he may be found.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has federal question jurisdiction because the action arises under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-5(f)(3), the Equal Pay Act, 29 U.S.C. § 206(d), and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a).

5. This court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims which are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

6. Venue is proper in the U.S. District Court for the Western District of Texas pursuant to 42 U.S.C. § 1391(b) because the unlawful practices alleged below were committed therein.

## FACTS

7. WTCU employs Lisa Brooks for almost 10 years. She starts as a Branch Manager and is promoted to Director of Operations. Following the departure of a previous CEO, she is named as Interim CEO. The appointment as Interim CEO is supposed to be for 3 months only, but it ends up lasting closer to a year.

8. WTCU pays Mrs. Brooks an additional $500 per month for the first three months.

9. Mrs. Brooks asks Chairman Dr. Steve Brown for a pay increase while she is serving as CEO, and he tells her it is not in the budget.

10. Eventually, WTCU hires a younger Hispanic male as CEO. His name is Adrian Rubio. Mr. Rubio's starting salary is more than twice as much as Mrs. Brooks's salary. One of the Board members states in a Board meeting, "We will have a really good salary to pay a new CEO because we haven't had to pay Lisa," or words to that effect.

11. Mr. Rubio starts excluding Mrs. Brooks from meetings and taking her job duties away. He tells her that he trying to "take everything off of her plate."

12. Mr. Rubio questions Mrs. Brooks multiple times about when she is planning to retire and who will take her position when she leaves.

13. Mr. Rubio becomes infatuated with a younger Hispanic female employee and shows favoritism toward her. It appears that he wants to get rid of Mrs. Brooks so that he can give Mrs. Brooks's job to the younger Hispanic female, but she quits. Another employee tells Mrs. Brooks that she thinks Mr. Rubio blames Mrs. Brooks for the younger Hispanic female's decision to quit.

14. Mr. Rubio fires Mrs. Brooks. He tells her that her job was "dissolved." Mrs. Brooks asks him when he decided to eliminate her job, and he says 5-8 months ago.

15. WTCU hires two new branch managers shortly before Mrs. Brooks is let go. Both of them are younger Hispanic females. One of the branch managers is offered a position the week before Mrs. Brooks is let go and does not start until after Mrs. Brooks is terminated. Mr. Rubio hires her so that there would not be an open position to offer Mrs. Brooks.

16. Mrs. Brooks asks Mr. Rubio why she was not offered a position as a branch manager. Mr. Rubio says that he did not think she would take the pay cut. Mrs. Brooks tells him she would have taken a pay cut because she did not want to lose her insurance and benefits.

17. Mr. Rubio has Mrs. Brooks walked out like a criminal.

18. Mr. Rubio tells the other employees that they cannot talk to Mrs. Brooks.

19. Mrs. Brooks is a sixty-one-year-old Anglo woman.

## WORKPLACE SAFETY RULES

20. Employers must provide equal pay for jobs that require equal skill, effort, and responsibility.

21. Employers must maintain a workplace that is free of harassment and discrimination.

22. Employers must not show favoritism to certain employees because of their age and/or national origin.

## COUNT ONE – AGE DISCRIMINATION (ADEA)

23. Plaintiff is an employee within the meaning of the Age Discrimination in Employment Act of 1967 (ADEA). See 29 U.S.C. §630(f).

24. Defendant is an employer within the meaning of the ADEA. See 29 U.S.C. §630(b).

25. Plaintiff is a qualified individual with at least 40 years of age as defined by the ADEA. See 29 U.S.C. §631(a).

26. To the extent that Defendant offers Plaintiff's performance as the reason for her termination, such reason is a pretext for discrimination. Plaintiff would not have suffered adverse employment action "but for" her age.

27. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of liquidated damages.

## COUNT TWO – SEX DISCRIMINATION

28. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female. See 42 U.S.C. §2000e-5(f).

29. Defendant is an employer within the meaning of Title VII. See 42 U.S.C.§2000e(b).

30. Defendant intentionally discriminated against Plaintiff by paying her less than Mr. Rubio, a male, and terminating her employment because she is female.

31. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of punitive damages.

32. To the extent that Defendant contends that Plaintiff was fired for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination.

## COUNT THREE - EQUAL PAY ACT

33. Plaintiff was paid less than Adrian Rubio, who is male. Plaintiff's work as Interim CEO required equal skill, effort, and responsibility, as Mr. Rubio's work as CEO.

34. Defendant has no legitimate non-discriminatory basis for the disparity in compensation between that paid to her and to Mr. Rubio.

35. Defendant violated the Equal Pay Act because it paid different wages to employees of opposite sexes for equal work on jobs, the performance of which required equal skill, effort, and responsibility and which were performed under similar working conditions. See 29 U.S.C. § 206(d).

36. Plaintiff has been damaged by the unequal payments of wages and seeks to recover all damages she has suffered because of Defendant's violations of the Equal Pay Act, including back pay, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT FOUR– NATIONAL ORIGIN - REVERSE DISCRIMINATION

37. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute. See 42 U.S.C. §2000e-5(f).

38. Defendant is an employer within the meaning of Title VII. See 42 U.S.C.§2000e(b).

39. Defendant intentionally discriminated against Plaintiff based on her national origin, Anglo (Anglo-American). As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of punitive damages.

40. To the extent that Defendant contends that Plaintiff was fired for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination.

COUNT FIVE – AGE AND/OR SEX DISCRIMINATION- TEXAS LAW (TCHRA)

41. Plaintiff is an employee within the meaning of the Texas Commission on Human Rights Act (TCHRA), Texas Labor Code § 21.002(7) and belongs to the class of employees protected under the statute, namely, employees over the age of 40. See Texas Labor Code § 21.101.

42. Defendant is an employer within the meaning of Texas Labor Code § 21.002(8).

43. Defendant intentionally discriminated against Plaintiff because of her age and/or sex in violation of the Texas Labor Code by subjecting her to a hostile working environment and terminating her employment. As a direct and proximate cause of Defendant's conduct, Plaintiff suffered damages.

INTERSECTIONAL DISCRIMINATION

44. Defendant has discriminated against Plaintiff on the basis of the combination of two or more protected traits, namely, Defendant discriminated against Plaintiff because she is an older Anglo female.

45. In alleging a claim for intersectional discrimination, Plaintiff would show that the Fifth Circuit has recognized race-plus-sex discrimination under Title VII in Jefferies v. Harris County Community Action Ass'n, 615 F.2d 1025, 1032-33 (5th Cir. 1980). The Fifth Circuit has not recognized the combination of sex-plus-age discrimination, which has been recognized by the Tenth Circuit in Frappied v. Affinity Gaming Black Hawk, LLC, 966 F.3d 1038, 1048 (10th Cir.

2020). Plaintiff seeks to extend, modify, or reverse existing law to recognize the combination of age discrimination protected by the ADEA with other characteristics protected by Title VII. At least one Texas court has approved a claim for age and sex discrimination under Texas law in University of Texas Southwestern Medical Ctr. v. Vitetta, No. 05-19-00105-CV, 2020 WL 5757393 (Tex. App. – Dallas, no pet.).

EXHAUSTION OF ADMINISTRATIVE PROCEDURES

46. Plaintiff timely filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission (EEOC) on or about February 2, 2024. Under the Work-Sharing Agreement between the EEOC and the Texas Workforce Commission Civil Rights Division (CRD), the Charge was deemed to be dually filed with CRD. The EEOC issued a Notice of Right to Sue ("Right to Sue Notice") on February 11, 2024. Plaintiff filed this suit within ninety (90) days. A true and correct copy of the RTS Notice is attached as Exhibit A.

CONDITIONS PRECEDENT

47. All conditions precedent have been performed or have occurred.

DAMAGES

48. Reinstatement is not practicable. Plaintiff has made diligent efforts to find comparable alternate employment but has been unable to do so. Plaintiff has suffered actual damages in the form of past and future lost wages, fringe benefits, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff is entitled to contribution to her retirement account.

ATTORNEY'S FEES

49. It was necessary for Plaintiff to hire the undersigned attorney to protect her rights. Plaintiff is entitled to an award of attorneys' fees and costs pursuant to the ADEA, 29 U.S.C. §

626(b), Title VII, 42 U.S.C. § 2000e-5(f)(3), the Equal Pay Act, 29 U.S.C. § 216(b), and/or the Texas Labor Code § 21.259.

INTEREST

50. Plaintiff is entitled to prejudgment and post judgment interest at the highest lawful rate.

JURY TRIAL DEMAND

51. Plaintiff demands a jury trial.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendant for the following:

a. Economic damages (backpay and front pay including lost wages and benefits);

b. Compensatory damages;

c. Punitive or exemplary damages;

d. Liquidated damages;

e. Attorneys' fees and costs;

f. Prejudgment and post-judgment interest;

g. Such other and further relief, at law or in equity, to which Plaintiff may show herself justly and lawfully entitled.

Respectfully submitted,

By: /s/ Holly B. Williams_____________

Holly B. Williams

Texas Bar No. 00788674

**WILLIAMS LAW FIRM, P. C.**
1209 W Texas Ave
Midland, TX 79701-6173
432-682-7800
432-682-1112 (fax)
holly@williamslawpc.com

**ATTORNEY FOR PLAINTIFF**
**LISA BROOKS**

# EXHIBIT A

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**El Paso Area Office**
100 N. Stanton Street, Suite 600
El Paso, TX 79901
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/11/2024

**To:** Ms. Lisa Brooks
1207 East 55th Street
Odessa, TX 79762

Charge No: 453-2024-00657

EEOC Representative and email: Yvette Rodriguez
Senior Investigator
yvette.rodriguez@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 453-2024-00657.

On behalf of the Commission,

Digitally Signed By:Elizabeth Porras
02/11/2024

Elizabeth Porras
Area Office Director

# EXHIBIT A

**Cc:**
Incident Location
West Texas Credit Union
Attn: Chairman Steve Brown
4301 Mission Blvd.
Odessa, TX 79765

Holly B. Williams
Williams Law Firm, P.C.
1209 W. Texas Ave
Midland, TX 79701

Please retain this notice for your records.