IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **LISA BROOKS,** *Plaintiff,* | § § § § § § § § § | |
| v. | | MO:24-CV-00116-DC |
| **WEST TEXAS CREDIT UNION,** *Defendant.* | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

BEFORE THE COURT is the report and recommendation from United States Magistrate Judge Ronald C. Griffin (Doc. 25) concerning Defendant West Texas Credit Union's Motion to Dismiss for Failure to State a Claim (Doc. 20). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Magistrate Judge Griffin issued his report and recommendation on September 22, 2025. On October 16, 2025, following this Court's grant of a request to extend the deadline to object, Defendant filed its objections (Doc. 27) to the Report. Plaintiff has since responded. (Doc. 28)

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy and, in doing so, secure *de novo* review by the district court. When no objections are timely filed, a district court reviews the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because an objection

was timely filed, the Court reviews the Report and Recommendation *de novo* but finds no error.

At its core, Defendant's objections to the Report are this: (1) Plaintiff does not back up its factual allegations or "speculations" regarding discrimination, and (2) Plaintiff's job was eliminated, so there can be no discrimination. Both arguments are unconvincing.

First, as Plaintiff notes, at this stage of the litigation, it need not come armed with evidentiary receipts.[1] This is the motion to dismiss stage, not summary judgment. Plaintiff need only plead allegations which, construed in the light most favorable to them and accepted as true, establish a claim. Whether those allegations are true or not is a question for a later date. And attempting to repackage all of Plaintiff's claims as mere "speculations" does nothing to change that.

Second, Defendant's argument that Plaintiff cannot allege discrimination because her position was eliminated, and therefore no one replaced her in that position, is disingenuous. It sidesteps completely Plaintiff's entire argument: that Defendant eliminated the position and transferred her position's responsibilities to that of another position specifically so Defendant could remove Plaintiff and likely avoid legal repercussions—all because of either race or age discrimination. So even though the Fifth Circuit has said that a plaintiff cannot "be replaced by another employee in a position [they] never held" and the law "does not require employers to 'bump' younger, less experienced employees from their positions in order to make room for the older and more experienced," Doc. 27 at 5 (internal citations removed), those statements are largely inapposite right now both because it is the motion to

---

[1] Receipts, Urban Dictionary, https://www.urbandictionary.com/define.php?term=receipts.

dismiss stage *and* because the entire point of Plaintiff's argument is that Defendant eliminated the position and transferred the responsibilities to another position so Plaintiff could be fired for her race or age and so Defendant could avoid liability. Plaintiff and Defendant must first engage in factual discovery to determine whether Plaintiff was merely overlooked for other roles or whether she was purposefully fired for discriminatory reasons.

The Report and Recommendation is therefore **ADOPTED**. Defendants' Motion to Dismiss (Doc. 20) is therefore **DENIED** as to all claims except the age-plus-sex intersectional discrimination claim.

It is so **ORDERED**.

**SIGNED this 31st day of October, 2025.**

_____
**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**