**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **LISA BROOKS,** <br><br> ***Plaintiff,*** <br><br> **v.** <br><br> **WEST TEXAS CREDIT UNION,** <br><br> ***Defendant.*** | **§ § § § § § § § § §** | **CIVIL ACTION NO. 7:24-cv-116** |

**DEFENDANT WEST TEXAS CREDIT UNION'S**
**FIRST AMENDED DEFENSES, ANSWER, AND JURY DEMAND**

Defendant West Texas Credit Union files its first amended defenses, answer, and demand for jury trial in response to the allegations and claims in Plaintiff's first amended complaint. [Doc. 19].

FIRST DEFENSE

1. Plaintiffs fail to state a claim upon which relief can be granted.

SECOND DEFENSE

2. Plaintiff failed to use reasonable diligence to mitigate the damages Plaintiff claims.

ANSWER

3. Subject to the to the foregoing defenses, Defendant answers Plaintiff's claims and allegations consistent with FED. R. CIV. P. 8(b), under which Defendant denies every claim, and Defendant denies each allegation in Plaintiff's complaint except those Defendant expressly admits herein.

4. Defendant previously employed Adrian Rubio as president and CEO and Plaintiff as a director of operations. Defendant denies the remainder of the allegations in ¶ 1.

5. Defendant lacks sufficient knowledge and information to form a belief as to Plaintiff's

residence. Therefore, Defendant denies the allegation in ¶ 2.

6. Defendant West Texas Credit Union is a federally-insured credit union located in Ector County, Texas. Defendant denies the remainder of the allegations in ¶ 3.

7. This Court has jurisdiction over the suit and venue is proper in this Court. Defendant denies the remainder of the allegations in ¶¶ 4-6.

8. Defendant employed Plaintiff from 2014 to 2023. During Plaintiff's tenure with Defendant, Plaintiff served as a branch manager, interim CEO, and most recently, director of operations. Defendant denies the remainder of the allegations in ¶¶ 7-9.

9. Defendant employed Chris Dawes as an interim CEO. Defendant denies the remainder of the allegations in ¶¶ 10-11.

10. Defendant asked Plaintiff to serve as an interim CEO before Defendant hired Adrian Rubio. Defendant denies the remainder of the allegations in ¶¶ 12-15.

11. Defendant paid Plaintiff a stipend of $500 per month from October 2021 to February 2022, in addition to Plaintiff's salary, for Plaintiff's service as Defendant's interim CEO. Defendant denies the remainder of the allegations in ¶¶ 16-17.

12. After Defendant hired Adrian Rubio as president and CEO, Plaintiff served solely as the director of operations for Defendant. Defendant denies the remainder of the allegations in ¶¶ 18-21.

13. Adrian Rubio prepared a memorandum titled, "Eliminating the Director of Operations Position" on or about August 31, 2023. Defendant denies the remainder of the allegations in ¶¶ 22-25.

14. On September 18, 2023, Adrion Rubio emailed Plaintiff and Angeline Wilson to inform Plaintiff and Wilson that Amy St. Louis had accepted an offer as the branch manager for the

Mission location. Defendant hired two branch managers prior to firing Plaintiff. Defendant denies the remainder of the allegations in ¶¶ 26-29.

15. Defendant fired Plaintiff because Defendants board elected to eliminate the position of director of operations. Defendant denies the remainder of the allegations in ¶ 30.

16. Defendant offer Plaintiff a separation and release agreement. Defendant denies the remainder of the allegations in ¶ 31.

17. Defendant admits Plaintiff was sixty-one years old at the time Plaintiff filed suit against Defendant. Defendant also admits Plaintiff appears to be an Anglo woman. Defendant denies the remainder of the allegations in ¶ 41.

18. As to ¶¶ 42-44 of Plaintiff's complaint, Defendant admits employers must comply with all laws applicable to an employer. Defendant denies the remainder of the allegations in ¶¶ 42-44.

19. Defendant admits Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on or about February 2, 2024, the EEOC issued a notice of right to sue on February 11, 2024, and that Plaintiff filed the instant lawsuit within ninety days of February 11, 2024. Defendant denies the remainder of the allegations in ¶ 113.

## REQUEST FOR JURY TRIAL

20. Defendant asserts its right to a trial by jury on all issues in accordance with FED. R. CIV. P. 38.

## PRAYER

21. Defendant prays it be released, discharged, and acquitted of all charges, allegations, and claims filed against it, that judgment be rendered in Defendant's favor, either prior to or at the conclusion of a trial, that Plaintiff take nothing by reason of this suit, and that Defendant recover all costs of court and fees, including attorney's fees, incurred in defending against the Plaintiff's

claims, as well as other relief to which Defendant is justly entitled in law and equity.

Respectfully submitted,

/s/ *William S. Helfand*
William S. Helfand
Attorney-In-Charge
Texas Bar No. 09388250
bill.helfand@lewisbrisbois.com
Lamisa I. Chowdhury
Texas Bar No.: 24110033
lamisa.chowdhury@lewsibrisbois.com

OF COUNSEL:
LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served via email and fax on December 17, 2025, to the following:

/s/ *William S. Helfand*
William S. Helfand